IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL LEE BEGGS #14070137 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv429 |
| BOTIE HILLHOUSE, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff Daniel Lee Beggs filed a *pro se* complaint under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights as an inmate in the Henderson County Jail. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Before the Court are the motions by Defendants Hillhouse, Mongare, and Thurman for summary judgment due to Plaintiff's failure to exhaust administrative remedies. (Dkt. ##22, 23.) Plaintiff has had ample opportunity to respond to the motions, which he did not do, and they are ripe for review. For the reasons explained below, the undersigned recommends that the motions be granted and that summary judgment be entered in favor of Defendants.

**I. Plaintiff's Allegations**

In his amended complaint dated December 27, 2021, Plaintiff alleged that he had been in the Henderson County Jail since June 13, 2021, and had not received treatment for a hernia. (Dkt. #8 at 5.) Plaintiff said the hernia had increased significantly during that time and had dropped into his scrotum, causing him a great deal of discomfort and difficulty having bowel movements. (*Id.*) He also alleged that he kept getting assigned to a top bunk in the jail, and that having to jump from the top bunk without a ladder was causing serious pain. (*Id.*) Plaintiff alleged that Nurse Amanda

[Thurman] and Doctor [Mongare]never even looked at his hernia and that it appeared staff were "doing everything possible not to get [him] surgery which [he] obviously need[ed]." (*Id.* at 6.) Plaintiff sought only injunctive relief: "Help me get medical attention – surgery while I'm in jail." (*Id.* at 4.)

## II. Defendants' Motions and Supporting Evidence

Defendant Hillhouse moved for summary judgment separately from Defendants Mongare and Thurman, but they all rely on the same theory: that Plaintiff failed to exhaust administrative remedies for his claim prior to filing suit. (Dkt. ##22, 23.) Specifically, they all assert that the Henderson County Jail has a two-step grievance procedure for inmates' use, requiring inmates first to submit official grievance forms to a staff member and then to submit any written appeal within five days of the response to the grievance. (Dkt. #22-1 at 2–7, 25.) These grievance procedures are explained in the Inmate Handbook provided to inmates upon booking, and Plaintiff signed an acknowledgment on June 12, 2021, that he received the handbook. (*Id.* at 26; Dkt. #22-2 at 2.)

All Defendants also rely on the Affidavit of Sheriff Botie Hillhouse. (Dkt. ##22-2, 23-2.) In it, Sheriff Hillhouse testified that although Plaintiff submitted several grievances while he was in the jail, he never appealed the response to any of the grievances: "Mr. Beggs never exhausted his administrative remedies because he never appealed the responses to any grievances, much less a[n]y grievance regarding the subject matter of this lawsuit before he filed his Original Complaint." (Dkt. #22-2 at 3.)

Accordingly, Defendants assert that they are entitled to summary judgment due to Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

### III. Legal Standards

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.

*EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

## IV. Discussion and Analysis

Congress enacted the PLRA in 1996, mandating that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013)

(explaining that the primary purpose of a grievance is to give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion requirement in light of its purposes, which "include the goal of giving officials time and opportunity to address complaints internally.") (internal quotations and citation omitted).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90–91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). The Court explained that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. The Fifth Circuit has explained the procedures to be followed with regard to claims of failure to exhaust:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010). A prisoner's failure to exhaust certain claims before filing suit in federal court is fatal to those unexhausted claims only. *See Jones*, 549 U.S. at 924 ("There is no reason failure to exhaust on one [claim] necessarily affects any other.").

The evidence submitted by Defendants clearly establishes that Plaintiff failed to comply with that requirement, despite being aware of the grievance procedures in the jail. Plaintiff has failed to respond to either motion for summary judgment with any evidence or argument to the contrary. Accordingly, Section 1997e requires dismissal of this action, and Defendants are entitled to summary judgment.

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that Defendants' motions for summary judgment (Dkt. ##22, 23) be **GRANTED.** Plaintiff's claims should be **DISMISSED** without prejudice for failure to exhaust administrative remedies. Defendants' additional dispositive motions (Dkt. ##25, 27, 31) should be **DENIED** as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 20th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

6